```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

CLEMMIE T. JONES, JR.,         )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:05 cv 240
                               )
NICK MONTAGANO, KLYDE BLACKMAN,)
JAMES MAJESKI and INDIANA      )
HARBOR BELT RAILROAD COMPANY,  )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the defendant, Indiana Harbor Belt Railroad Company ("IHB"), on September 27, 2005, and the Motion to Reinstate filed by the plaintiff, Clemmie T. Jones, on October 25, 2005. For the reasons set forth below, the motion for summary judgment is **GRANTED,** and the motion to reinstate is **DENIED**.

Background

On March 20, 2003, Jones filed a complaint against IHB alleging race discrimination under Title VII of the 1964 Civil Rights Act, cause number 2:03 CV 112. Jones, an African American, claimed that his superiors exhibited discriminatory animus toward him when he was terminated in August of 2002 for "assuming the attitude of sleep" and failing to maintain a clean work site. Jones did not oppose IHB's motion for summary judgment, and this court entered final judgment in favor of IHB on August 30, 2004.

After the Seventh Circuit affirmed this court on Jones' appeal of the first case, Jones filed another complaint on June

17, 2005, against IHB and its employees N. Montagano, K. Blackman and J. Majeski. Jones alleges that each of the defendants exhibited discriminatory animus toward Jones when he was terminated in August of 2002. Jones once again sues under Title VII and relies upon the same factual allegations as asserted in the preceding litigation.

On September 9, 2005, the parties participated in a preliminary pretrial conference where Jones agreed to the dismissal of the individually named defendants. The remaining defendant, IHB, now seeks summary judgment on the doctrine of *res judicata*. Jones seeks to reinstate the individually named defendants to the suit under the theory that if the defendants have the power to hire and fires employees, they are amenable to suit under Title VII.

## Discussion

The doctrine of *res judicata* bars claims that have been or could have been litigated in a previous suit. **Rizzo v. Sheahan**, 266 F.3d 705, 714 (7th Cir. 2001). A claim will be barred where "(1) a final judgment on the merits was rendered by a court with competent jurisdiction; (2) there is an identity of causes of actions; and (3) there is an identity of parties and their privies." **Brown v. Illinois Department of Public Aid**, 318 F.Supp. 2d 696, 698 (N.D. Ill. 2004), *aff'd*, 132 Fed. Appx. 51 (7th Cir. 2005) (*quoting* **Licari v. City of Chicago**, 298 F.3d 664, 666 (7th Cir. 2002)). The requirement of finality is met when the district court has finished with the case, and it is not dependent on "whether the suit is dismissed with prejudice or without preju-

2

dice, on the merits or on a jurisdictional ground or on a procedural ground. . . ." **Brown**, 318 F.Supp.2d at 698 (*quoting* ***Hill v. Potter***, 352 F.3d 1142, 1144 (7th Cir. 2003)).

Under Title VII, an employer may be held liable for intentional and unlawful discrimination. 42 U.S.C. §2000e *et. seq*. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. §2000e(b). *See also* ***Williams v. Banning***, 72 F.3d 552, 553 n.1 (7th Cir. 1995). For the employer to be held liable for the acts of an employee, that employee must "serve in a supervisory position and exercise significant control over the plaintiff's hiring, firing or conditions of employment." **Williams**, 72 F.3d at 554 n.3 (*quoting* ***Paroline v. Unisys Corp***., 879 F.2d 100, 104-05 (4th Cir. 1989) *vacated in part on unrelated grounds*, 900 F.2d 27 (4th Cir. 1990)). Title VII does not create individual liability for supervisors or individual business owners; only the employer is the appropriate defendant in a Title VII claim. **Williams**, 72 F.3d at 553.  *See also* ***Matthews v. Marten Transport, Ltd.***, 354 F.Supp. 2d 899, 903 (W.D. Wis. 2005).

Res judicata plainly bars this suit. This court's decision in Jones' first Title VII case was a final judgment resulting from an uncontested summary judgment motion. Thus, the decision was "final" under **Brown** and **Hill**. Next, both claims stem from the same factual scenario--Jones' termination--and assert the same cause of action--race discrimination under Title VII. Finally,

3

IHB was the defendant in the first claim and again is named in this claim. Jones may not have a second chance at the same cause of action, arising from the same factual scenario, and against the same defendant.  For these reasons, summary judgment is appropriate.

As to the individual defendants, their status as supervisory employees with the power to hire and fire is irrelevant to the issue of individual liability and does not serve to distinguish this case from Jones' previous suit. Title VII does not create individual liability for employees. Title VII merely allows the actions of an individual employee to be attributed to the employer under certain circumstances. Thus, the proper defendant is the plaintiff's employer and not individual supervisors. Because Title VII does not provide a cause of action against an individual employee, the motion to reinstate the three individual defendants is denied.

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the defendant, Indiana Harbor Belt Railroad Company, on September 27, 2005 is **GRANTED,** and the Motion to Reinstate filed by the plaintiff, Clemmie T. Jones, on October 25, 2005 is **DENIED**.

ENTERED this 2nd day of March, 2006

4

```
                              s/ ANDREW P. RODOVICH
                                United States Magistrate Judge
```